ty where doing so is questionable. *Weidner v. Workmen's Compensation Appeal Bd. (Firestone Tire & Rubber Co.)*, 497 Pa. 516, 442 A.2d 242, 244 (1982); *Papernik v. Workmen's Compensation Appeal Bd. (U.S. Steel Corp.)*, 42 Pa.Cmwlth. 81, 399 A.2d 1205, 1207 (1979). Thus, requiring a claimant's attorney to disgorge unreasonable contest fees previously paid in the litigation would chill claimants' attorneys from bringing such claims and would, therefore, make employers more apt to bring unreasonable challenges to their liability. *See Weidner*, 442 A.2d at 245 (stating that to limit Section 440 fees to a claimant's recovery of benefits would discourage lawyers from representing claimants in termination proceedings and that "[s]uch a decrease in the availability of competent legal representation could expose claimants to an increased number of 'unreasonable contests' brought in an effort to force a settlement upon an injured worker.").

 It is not the function of this Court to add missing language to a statute in order to provide relief; particularly when doing so would undermine that statute's goals of protecting workers and discouraging employers from unreasonably contesting their liability. Consequently, we decline to engraft on to the Act a means for reimbursement of previously paid counsel fees, where the General Assembly did not see fit to so provide.

### VI. Conclusion

For the reasons set forth above, we hold that Section 440 of the Workers' Compensation Act does not allow disgorgement of an unreasonable contest attorney's fee award that was previously paid to a claimant's counsel. Respectfully, because the Commonwealth Court erred as a matter of law when it ordered reimbursement of the attorney's fees, we vacate its order and reinstate the order of the WCAB.

Chief Justice Saylor and Justices Todd, Donohue, Dougherty, Wecht and Mundy join the opinion.

. **John G. BERGDOLL, Registered Voter of the Commonwealth of Pennsylvania, Appellant**

v.

**Robert TORRES, Acting Secretary of the Department of State and for the Commonwealth of Pennsylvania and the General Assembly of the Commonwealth of Pennsylvania, Appellees**

No. 37 MAP 2017

Supreme Court of Pennsylvania.

Decided: January 18, 2018

### ORDER

PER CURIAM

**AND NOW,** this 18th day of January, 2018, the order of the Commonwealth Court is hereby **AFFIRMED.**

